UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAJ K. PATEL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CAUSE NO. 3:23-CV-101 RLM-MGG |
| | ) |
| JOHN DOE and JANE DOE, | ) |
| | ) |
| Defendants | ) |

ORDER

Raj Patel has sued John and Jane Doe, [Doc. 1], moved to proceed in forma pauperis, [Doc. 2], and moved for permission to e-file and for permission to receive courtesy notices by PACER e-mail. [Doc. 3].

Mr. Patel appears unable to prepay the filing fee, so the court grants Mr. Patel's motion to proceed in forma pauperis [Doc. 2] and waives prepayment of the filing fee. Mr. Patel is still obligated to pay the filing fee; he just isn't required to do so in advance of filing. Rosas v. Roman Cath. Archdiocese, 748 F. App'x 64, 65 (7th Cir. 2019).

The court has the obligation at any time in litigation to inquire into its own subject matter jurisdiction. Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service[.]" Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003). The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims

otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." LaSalle Nat. Tr., N.A. v. ECM Motor Co., 76 F.3d 140, 143 (7th Cir. 1996) (quoting Hagans v. Lavine, 415 U.S. 528, 536 (1974)). Mr. Patel's complaint doesn't give rise to federal subject matter jurisdiction, for reasons stated below, so the court dismisses Mr. Patel's case.

Raj Patel filed this suit against John Doe and Jane Doe. His complaint lists sixty-six counts and he notes that each claim should be construed as against John and Jane Doe individually and collectively. He describes Jane Doe as "possibly The Hindu Terrorist Goddess." [Doc. 1, p. 47]. His sixty-six counts span from breach of contract to the right to freely travel, to federal and state R.I.C.O. statutes. The thrust of his complaint seems to be that some nefarious actors put a bioweapon in his brain and have used a "stress weapon" against him throughout his life. The stress weapon operates when anyone invokes word patterns that are similar to certain word patterns from conversations in his past. Mr. Patel describes events from his childhood, through high school, through law school, and past his time in law school and accuses various teachers, colleagues, U.S. presidents, CNN broadcasts, and others of using the stress weapon against him. He describes taking a leave of absence from the Notre Dame Law School, being put on emergency detention after pointing a gun at another person, and then being denied readmission to the Notre Dame Law School. He seeks damages exceeding $6 billion and various other injunctive relief.

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial,

2

implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. Cnty. of Oneida, 414 U.S. 661, 666 (1974)). That is the case here. Mr. Patel might genuinely believe that there is a broad conspiracy to affect his mind with biotechnology in his brain or with a verbal "stress weapon," but that belief is so implausible that it can't be the basis of a federal claim.

When the court determines that it lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. at 94 ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotations omitted). Mr. Patel's case must be dismissed.

Mr. Patel's complaint concerns the court. Courts are stewards of judicial resources and are responsible for deterring frivolous behavior that uses judicial resources that could otherwise be allocated to non-frivolous causes. Montgomery v. Davis, 362 F.3d 956, 957 (7th Cir. 2004) (citing In re McDonald, 489 U.S. 180, 184 (1989)). Mr. Patel lists at the start of his complaint forty-two other cases he's filed in federal courts and two in state courts. At least five cases he filed in the Southern District of Indiana were dismissed for substantially similar reasons as this case. See Patel v. Trump, No. 1:20-cv-00758-RLY-MJD (S.D. Ind. Apr. 14, 2020); Patel v. Trump, No. 1:20-cv-00454-SEB-DML (S.D. Ind. Feb. 4, 2020); Patel v. F.B.I., No. 1:18-cv-03441-RLY-DML (S.D. Ind. Nov. 13, 2018); Patel v.

F.B.I., No. 1:18-cv-03442-WTL-DML (S.D. Ind. Nov. 13, 2018); Patel v. F.B.I., No. 1:18-cr-03443-TWP-MJD (S.D. Ind. Nov. 13, 2018). The U.S. District Court for the Southern District of Indiana has taken note of Mr. Patel's conduct. In re Patel, No. 1:22-mc-00024-TWP (S.D. Ind. Mar. 28, 2022). The court described twenty-eight actions and appeals in federal court, eight in the Southern District of Indiana alone, and noted that none survived dismissal. Mr. Patel proceeded in forma pauperis in nearly every case, amassing unpaid filing fees approaching $10,000. The court noted that at least three courts, including the Court of Appeals for the Seventh Circuit, Patel v. Patel, 834 F. App'x 244 (7th Cir. 2021), have cautioned Mr. Patel that he'd be sanctioned if he continued to file frivolous complaints. For those reasons, the court restricted Mr. Patel's filing privileges in the Southern District of Indiana. At least one other federal court, the Court of Federal Claims, has also restricted Mr. Patel's filing privileges. Patel v. United States, No. 1:22-cv-01446-LAS (Fed. Cl. Nov. 17, 2022).

    This complaint is a continuation of Mr. Patel's behavior described in the Southern District's order restricting Mr. Patel's filing privileges. The complaint makes factually frivolous allegations and legally frivolous claims, and although he hasn't filed as frequently in this court as in others, it's not the first time he's filed a frivolous complaint in the Northern District of Indiana. Patel v. Martinez, No. 3:21-cv-00241-RLM-JPK (N.D. Ind. Apr. 8, 2021). That complaint was dismissed for lack of subject matter jurisdiction based on the utter implausibility of the allegations. The court now CAUTIONS Mr. Patel that any more frivolous filings might result in monetary sanctions and restrictions on his access to filing

in this court. *See* Support Sys. Int'l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir. 1995).

The court denies Mr. Patel's motion for permission to e-file and for permission to receive courtesy notices by PACER e-mail as moot. [Doc. 3].

Accordingly, the court GRANTS Mr. Patel's motion to proceed in forma pauperis, [Doc. 2]; DENIES AS MOOT Mr. Patel's motion for permission to e-file and for permission to receive courtesy notices by PACER e-mail, [Doc. 3]; DISMISSES Mr. Patel's complaint, [Doc. 1]; and DIRECTS the Clerk to enter judgment accordingly.

SO ORDERED.

ENTERED:   February 9, 2023

/s/ Robert L. Miller, Jr.
Judge, United States District Court