# In The United States District Court for the Northern District of Indiana

THE EXCELLENT THE EXCELLENT
RAJ K. PATEL, from all capacities,

|  |  |
|---|---|
| *Plaintiff* | No. 3:23-cv-00101-RLM-MGG |
| v. | Dated: February 15, 2023 |
| JANE DOE and JOHN DOE | |
| *Defendants* | |

U.S. DISTRICT COURT CLERK
NORTHERN DISTRICT
OF INDIANA
2023 FEB 15 PM 12: 33
FILED

## MOTION TO RECONSIDER ORDER AT DKT. 6

I, T.E. T.E. Mr. Raj K. Patel (pro se) (IFP approved), from the basis of the United States move to reconsider the court's Order at Dkt. 6 issued on February 9, 2023. Dkt. 6. Barnes v. Altizer, No. 18-CV-50014 * 2-3 (N.D. Ill. Jan. 23, 2018) (citing Fed. R. Civ. P. 59 & 60).

"As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (cleaned up).

"It is an abuse of discretion to dismiss for lack of subject matter jurisdiction without giving plaintiff reasonable opportunity, if requested, to conduct discovery for this purpose." Crist v. Republic of Turkey, 995 F. Supp. 5, 12 (D.D.C. 1998). Fed. R. Civ.

1

P. 8(e). U.S. const. amend. V. <u>See also</u> 42 U.S.C. § 2000bb-3(a) (creation of duties for the judiciary). Clear notice of intent to prosecute was issued by filing the complaint along with the summons and requests for notice by clerk. Dkt. 1-5. <u>See also</u> e.g., <u>United States v. Tsarnaev</u>, 142 S. Ct. 1024, 1045 (2022).

## RULES

"Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other. <u>The Fair v. Kohler Die Co.</u>, 228 U.S. 22, 25 (1913). Here, §§ 1343(3) and 1983 unquestionably authorized federal courts to entertain suits to redress the deprivation, under color of state law, of constitutional rights. It is also plain that the complaint formally alleged such a deprivation. The District Court's jurisdiction, a matter for threshold determination, turned on whether the question was too insubstantial for consideration." <u>Hagans v. Lavine</u>, 415 U.S. 528, 538-39 (1974).

"Unsuccessful as well as successful suits may be brought...[I]f the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad." <u>Reynolds v. Sheet Metal Workers, Local 102</u>, 702 F.2d 221, 224 (D.C. Cir. 1981) (quoting <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) (Holmes, J.) and <u>see</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-43, 94 S.Ct. 1372, 1378-82, 39 L.Ed.2d 577 (1974)).

"[T]he question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'" <u>Hagans</u>, 415 U.S. at 537.

"The government of the Union, then,...is, emphatically, and truly, a government of the people. In form and in substance it emanates from them. Its powers are granted by

them, and are to be exercised directly on them, and for their benefit." U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 840 (1995).

"Federal courts have a 'virtually unflagging obligation...to exercise the jurisdiction given them.'" E. Trans-Waste of Maryland, Inc. v. Dist. of Columbia, No. 05-CV-0032-PLF * 3 (D.D.C. Jan. 23, 2006) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

The claim is substantial when the claimant has "a substantial likelihood of success on the merits, that they were faced with irreparable injury, and that neither the public interest nor the magnitude of inconvenience weighed against granting relief." Reynolds, 702 F.2d at 225 & 223 and 42 U.S.C. § 1981.

"In determining whether to request the Chief Judge of the Circuit to convene a three-judge court, a single judge has the authority to decide whether the complaint states a 'substantial' constitutional claim. Adams v. Richardson, 871 F. Supp. 43, 45 (D.D.C. 1994) (citing Police Officers' Guild Nat'l Union of Police Officers v. Washington, 369 F. Supp. 543, 548-49 (D.D.C. 1973); Silver v. Queen's Hospital, 53 F.R.D. 223, 225 (D. Haw. 1971)); see 28 U.S.C. § 2284(a). A three-judge court is not required if the constitutional claim is 'wholly insubstantial,' 'frivolous,' or 'essentially fictitious.' Weisbrod v. Lynn, 494 F.2d 1101, 1102 (D.C. Cir. 1974) (citing Bailey v. Patterson, 369 U.S. 31, 33 (1962)). A claim is insubstantial if it is obviously without merit or clearly determined by previous case law. See Adams v. Richardson, 871 F. Supp. at 45 (citing Goosby v. Osser, 409 U.S. 512, 518 (1973); Ex parte Poresky, 290 U.S. 30, 32 (1933); Armour v. Ohio, 925 F.2d 987, 989 (6th Cir. 1991)). A single judge 'has an obligation to examine the complaint to determine whether it states a substantial claim' before burdening two other judges by requesting a three judge court to consider an insubstantial or frivolous claim." Judd v. Fed. Commc'n Comm'n, 723 F. Supp. 2d 221, 223 (D.D.C. 2010) (citing Adams v.

3

Richardson, 871 F. Supp. at 45 and see also Miller v. Daniels, 509 F. Supp. 400, 405

(S.D.N.Y. 1981) (cleaned up).

"It is settled that if the complaint sets forth a substantial claim, a case is presented

within the federal jurisdiction...To be substantial, the claim need only be not 'obviously

frivolous,' 'obviously without merit,' or 'essentially fictitious'...and cases cited therein.

McGrath alleged in his complaint that he suffered losses as a result of misrepresentations

concerning his future employment made by defendants in connection with Zenith's

acquisition of his Basford shares and the waiver of his option — as a result, that is, of the

defendants' violation of the federal securities laws. None of the issues — factual or legal

— raised by this charge is so obviously foreclosed by previous decisions of the Supreme

Court or other courts that there is 'no room for the inference that the questions sought to

be raised can be the subject of controversy.' Levering, supra, 289 U.S. at 105-106, 53 S.Ct.

at 550. We hold, therefore, that this case presents a substantial federal question and the

district court properly exercised jurisdiction in hearing it. Defendants also argue that the

district court abused its discretion in agreeing to hear the pendent state claims involved

in this case. The doctrine of pendent jurisdiction rests on considerations of judicial

economy, convenience, and fairness to litigants. United Mine Workers v. Gibbs, 383 U.S.

715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Defendants do not deny that the exercise of

pendent jurisdiction here would serve judicial economy and convenience, and, certainly,

the federal and state claims in this case all arise out of a 'common nucleus of operative

fact'....The defendants' asserted liability, under both federal and state law, rests on the

same set of events, and proof would require largely the same evidence." McGrath v.

Zenith Radio Corp., 651 F.2d 458, 463-64 (7th Cir. 1981).

"A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim

'arising under' the Constitution or laws of the United States." Anderson v. Wiggins, 460

F. Supp. 2d 1, 7 (D.D.C. 2006). Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1244 (2006) (citing

Bell v. Hood, 327 U.S. 678, 681-85 (1946)). A claim invoking federal-question jurisdiction,

however, "may be dismissed for want of subject-matter jurisdiction if it is not colorable,

i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is

'wholly insubstantial and frivolous.'" Id. at 1244 n. 10 (quoting Bell, 327 U.S. at 682-83).

Furthermore, the Supreme Court has been clear that:

> Dismissal for lack of subject-matter jurisdiction because of the
> inadequacy of the federal claim is proper only when the claim is "so
> insubstantial, implausible, foreclosed by prior decisions of [the
> Supreme] Court, or otherwise completely devoid of merit as not to
> involve a federal controversy." Steel Co. v. Citizens for a Better
> Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y.
> v. Cnty. of Oneida, 414 U.S. 661, 666 (1974)).

Anderson, 460 F. Supp. 2d at 7. "It is an abuse of discretion to dismiss for lack of subject

matter jurisdiction without giving plaintiff reasonable opportunity, if requested, to

conduct discovery for this purpose." Crist, 995 F. Supp. at 12. See Tsarnaev, 142 S. Ct. at

1045.

"A claim is substantial if it 'discloses a contested matter of right, involving some

fair doubt and reasonable room for controversy,' in matters either of fact or law; and is

not to be held merely colorable unless the preliminary inquiry shows it is so unsubstantial

and obviously insufficient, either in fact or law, as to be plainly without color of merit,

and a mere pretense...The Supreme Court there found the objection to summary

jurisdiction well taken because the validity of the claim depended upon disputed facts as

to which there was a conflict of evidence and a controversy in a matter of law." In re

Process-Manz Press, Inc., 369 F.2d 513, 516-17 (7th Cir. 1967) (quoting Harrison v.

Chamberlin, 271 U.S. 191, 195 (1926)).

The United States Court of Appeals for the Federal Circuit **QUASHED** the United

States District Court for the Southern District of Indiana's filing bar which based its

reason on over 40 cases costing the district over $10,000 in filing fees. Patel v. United States, No. 22-1131 (Fed. Cir. 2022) (found subject-matter jurisdiction on Big Tucker Act claim), ECF 31, refiled, No. 1:22-cv-1446-LAS (C.F.C. 202_), pending appeal, No. 23-1325 (Fed. Cir. 202_), ECF 11 at 4.

## DISCUSSION

Investing the claims and granting relief to administer and return to the protection of the United States is a federal case or controversy, and raises a substantial colorable federal question, because the protection of the United States is a public good which is non-rival and non-excludable, for citizens of the United States. Dkt. 6 at 3 and U.S. const. art. IV, § 2. 42 U.S.C. §§ 1981 & 2000bb et seq. See e.g., Rateree v. Rockett, 852 F.2d 946, 950 (7th Cir. 1988) and United States v. $40,877.59 in U.S. Currency, 32 F.3d 1151, 1157 (7th Cir. 1994). Williamson v. Handy Button Mach. Co., 817 F.2d 1290, 1295 (7th Cir. 1987); Szany v. Garcia, No. 2:17-CV-74-JTM-PRC * 4 (N.D.I.N. Dec. 4, 2018); Dodd v. State, No. 3:21-cv-00029-RLM-MGG (N.D.I.N. Sep. 13, 2018); and Rhodes v. F.B.I., No. 2:16-CV-93 (N.D.I.N. Mar. 16, 2017).

The filing bar should be dismissed because the S.D.I.N.'s opinion, pursuant to the United States Court of Appeals for the Federal Circuit's order at ECF 31, is factually frivolous or clearly baseless. Dkt. 6 at 3-4. Compare In Re Raj K. Patel, 1:22-mc-24-TWP (S.D.I.N. 202_) with Patel v. United States, No. 22-1131 (Fed. Cir. 2022) (found subject-matter jurisdiction on Big Tucker Act claim), ECF 31, refiled, No. 1:22-cv-1446-LAS (C.F.C. 202_), pending appeal, No. 23-1325 (Fed. Cir. 202_). Patel v. United States, No. 23-1325 (Fed. Cir. 202_), ECF 11 at 4.

## CONCLUSION

Reverse.

Grant e-filing and e-notice privileges. Dkt. 1-6.

6

Respectfully submitted,


/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*Pro Se)*
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

## CERTIFICATE OF SERVICE

The parties in this case will be served by the Clerk of the Northern District of Indiana, under Fed. R. Civ. P. (b)(1)(D), and I submitted my necessary documents to the Clerk of the Court of Northern District of Indiana on 2/15/2023.


Respectfully submitted,


/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*Pro Se)*
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live



Dated: February 15, 2023



See how FedEx connects the world in responsible
and resourceful ways at **earthsmart.fedex.com.**
Join our efforts by recycling this FedEx bag.
© 2017 FedEx 820001 REV 5/17



**Print it.**

**Pack it.**

**Ship it.**

**Get it.**

FedEx Office®

South Bend IN Univ Notre Dame Node # 5037
(574) 631-6671 fax (574) 413-9013
**CALL WHEN DONE**


5037-01LR3-1

*Clerk of Court Window*

**574.246.8000**
BIN# **Delivery**        PIECES
                          **1 of 1**

FedEx Office®

A2

5037 SOUTH BEND IN UNIV
18 LAFORTUNE STUDENT CTR NOTRE
DAME UNIVERSITY
NOTRE DAME, IN  46556

**CLERK OF COURT WINDOW**
**CLERK OF COURT WINDO**
**204 S MAIN ST**
**102 FEDERAL BUILDING**
**SOUTH BEND, IN  46601**
**(574) 246-8000**
Special Instructions: RAJP2010@GMAIL.COM 5742468000

FXO58996036603358996003660336



1 of 1        OTP # 503701LR31              TRK # 589960366033
Commit: 02/15 05:00 PM                    Mstr # 589960366033

